**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4655

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN THOMAS COLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00218-WO-1)

Submitted:  August 29, 2023                    Decided:  August 31, 2023

Before KING, AGEE, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Lisa S. Costner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Mary Ann Courtney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Thomas Coley pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 75 months' imprisonment—four months above the high end of the advisory Sentencing Guidelines range—and three years of supervised release. On appeal, Coley's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Coley's sentence is greater than necessary to accomplish the sentencing goals enumerated in 18 U.S.C. § 3553(a). Although notified of his right to do so, Coley has not filed a pro se supplemental brief. We affirm.

We review Coley's sentence for reasonableness under a deferential abuse-of-discretion standard. *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). We then review the substantive reasonableness of the sentence; that is, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (cleaned up). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both

2

with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). However, because our review ultimately is for abuse of discretion, while we "may consider the extent of the deviation," we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here the district court properly calculated Coley's advisory Guidelines range of 57 to 71 months' imprisonment, allowed the parties to present arguments, gave Coley the opportunity to allocute, and considered the relevant § 3553(a) factors. Furthermore, the court thoroughly explained Coley's upward-variant sentence of 75 months' imprisonment. Specifically, the court acknowledged Coley's multiple suicide attempts, history of substance abuse, attempts at rehabilitation, and family support. However, the court emphasized that a four-month variance was necessary in light of Coley's false and misleading statements to the court. We conclude that Coley's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Coley, in writing, of the right to petition the Supreme Court of the United States for further review. If Coley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Coley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*